UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREA BONILLA, individually and on behalf          :
of all others similarly situated,                   :
                                                    :
                              Plaintiff,            :          **MEMORANDUM & ORDER**
                -against-                            :          19-cv-05067 (DLI) (RER)
                                                    :
NELSON & KENNARD, ROBERT SCOTT                      :
KENNARD, JOSEPH HELFRICK, ABC LEGAL                 :
SERVICES, LLC and NANCY KEYLER,                     :
                                                    :
                              Defendants.           :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Andrea Bonilla ("Plaintiff"), brings this putative class action against Defendants

Nelson & Kennard ("N&K"), Robert Scott Kennard ("Kennard"), Joseph Helfrick ("Helfrick"),

ABC Legal Services, LLC ("ABC"), and Nancy Keyler ("Keyler") (collectively, "Defendants"),

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

*See*, Amended Complaint ("Am. Compl."), Dkt. Entry No. 10.  N&K, Kennard, and ABC, who

are represented by the same counsel, each moved to dismiss for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(2), raising the same arguments.  *See*, N&K Mot.

to Dismiss, Dkt. Entry No. 13; Kennard Mot. to Dismiss, Dkt. Entry No. 20; ABC Mot. to Dismiss,

Dkt. Entry No. 23.  Plaintiff opposed each motion.  *See*, Opp'n to N&K Mot. to Dismiss, Dkt.

Entry No. 16; Opp'n to Kennard Mot. to Dismiss, Dkt. Entry No. 24; Opp'n to ABC Mot. to

Dismiss, Dkt. Entry No. 26.  For the reasons set forth below, the motions to dismiss for lack of

personal jurisdiction are granted and the case is dismissed in its entirety.

## BACKGROUND

Defendants, who do not reside in or conduct business in New York, sought to collect an

alleged debt from Plaintiff, a resident of New York.  Am. Compl. ¶¶ 9-27; 49-50.  First, Defendants

sent a debt collection letter to Plaintiff at 18200 Von Karman Ave, Ste 600, Irvine, CA 92612-7146 (the "California Address").  *Id.* ¶¶ 50-54.  Plaintiff has never resided, been employed by any company doing business, or held herself out as residing or being employed at the California Address.  *See*, *Id.* ¶¶ 55-64.

Next, Defendants filed a debt collection lawsuit in the Superior Court of California, County of Orange (the "California Lawsuit").  *Id.* ¶ 65.  In the summons filed in the California Lawsuit, Defendants represented that jurisdiction and venue were proper in the Superior Court of California, County of Orange, because Plaintiff had entered into the contract and lived there at the time of filing.  *Id.* ¶¶ 66, 68.  Plaintiff alleges that Defendants' attestation was false at the time it was made, maintaining that she never has entered into any contract in California, nor resided in California.  *Id.* ¶¶ 67, 70-71.

Defendants attempted to serve Plaintiff with a copy of the summons and complaint of the California Lawsuit at the California Address, and then filed Proof of Service of Summons ("Proof of Service"), generated by ABC and signed by Keyler, which attested that Plaintiff had been served personally at the California Address.  *Id.* ¶¶ 76, 79-83; *See also*, Proof of Service, Am. Compl. Ex. 3.  The Proof of Service provides:

> "I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:  **06/26/2019** at *(time)* **5:01 PM**
> **Andrea Bonilla, [w]ho accepted service, with identity confirmed by subject stating their name, an Hispanic female approximately 35-45 years of age, 5'4"-5'6" tall, weighing 140-160 lbs with brown hair."**

*See*, *Id.*  However, Plaintiff alleges that, on the date provided on the Proof of Service, she was in New York, and the physical description of the individual who accepted service "does not match that of Plaintiff."  Am. Compl. ¶ 85.

Plaintiff alleges she never was served properly with the complaint in the California Lawsuit, contending that the service purportedly performed on her was "sewer service," a term

"widely used to describe the practice of failing to serve a summons and complaint and then filing a fraudulent affidavit of service." *Id.* ¶¶ 91-93; *See also*, *Rotkiske v. Klemm*, 140 S. Ct. 355, 365 (2019) (Ginsburg, J., dissenting) ("[S]ewer service" refers to "intentionally serving process in a manner designed to prevent [a defendant] from learning of the collection suit.").

Plaintiff asserts that the California Lawsuit resulted in the entry of a default judgment against her. *Id.* ¶ 88. A review of the publicly available docket sheet indicates that no such default judgment was entered, and that the California Lawsuit was dismissed on September 16, 2019. *See*, N&K Mot. to Dismiss Ex. 4, Electronic Case Summary, *Capital One Bank USA, N.A. v. Bonilla*, No. 30-2019-01077294-CL-CL-CJC.

Plaintiff alleges that, by commencing the California Lawsuit in the County of Orange, California, when Plaintiff was and is a resident of New York State, Defendants violated § 1692i of the FDCPA. Am. Compl. ¶¶ 99-114. Plaintiff further alleges that Defendants produced and filed fraudulent: (1) affidavits of service; (2) attorney affirmations attesting that service had been made; (3) affidavits of merit stating that Defendants have personal knowledge of the facts necessary to obtain a default judgment; and (4) used fraudulent, deceptive, and misleading affidavits to obtain a default judgment, in violation of § 1692e of the FDCPA. Am. Compl. ¶¶ 115-122. Plaintiff further claims that the fraudulent representation that she was served in California is a false, deceptive or misleading representation or means in connection with the collection of a debt, in violation of § 1692e of the FDCPA. Am. Compl. ¶¶ 123-133. Finally, Plaintiff claims that the format, structure, and language of the debt collection letter violate §§ 1692e and 1692g of the FDCPA. Am. Compl. ¶¶ 134-173.

N&K, Kennard, and ABC contend that there is no personal jurisdiction here because Plaintiff's claims arise entirely from actions allegedly taken in California, and that the only connection to New York State that Plaintiff alleges is her residence there. The Court agrees.

**LEGAL STANDARD**

"On a [Rule] 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).  Where "a district court relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction over the defendant."  *Porina v. Marward Shipping*, 521 F.3d 122, 126 (2d Cir. 2008) (quotation marks and citations omitted).

"A prima facie case [of personal jurisdiction] requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place."  *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x. 16, 19 (2d Cir. 2015) (summary order) (citing *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).  In addition, "the Court must construe all of the allegations in the light most favorable to the plaintiff, and the plaintiff need only plead good faith allegations of fact that, if credited, would support jurisdiction over the defendant."  *O'Keefe v. Blue & Gold Fleet, L.P.*, 634 F. Supp.2d 284, 285 (E.D.N.Y. 2009) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)).

"The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located."  *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006).  "In diversity or federal question cases the court must look first to the long-arm statute of the forum state, in this instance, New York."  *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (citation omitted).  "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process."  *Id.*  The New York long-arm statute provides, in relevant part:

> "(a) . . . As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . .

3. commits a tortious act without the state causing injury to person or property within the state . . . if he . . .

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"

N.Y. CPLR § 302(a)(3)(ii).  "Under [§ ]302(a)(3), each element is essential, and if plaintiff fails to proffer sufficient evidence for any element, it is dispositive of the issue of personal jurisdiction under this provision." *Fisher v. O'Brien*, 2010 WL 1269793, at *7 (E.D.N.Y. Mar. 9, 2010), *report and recommendation adopted*, 2010 WL 1286365 (E.D.N.Y. Mar. 30, 2010) (citation and quotation marks omitted).

## DISCUSSION

Plaintiff, who bears the burden of making a prima facie showing of personal jurisdiction over Defendants, alleges in the Complaint that the Court may exercise jurisdiction over Defendants under N.Y. CPLR § 302(a)(2), or, alternatively, § 302(a)(3).  *See*, Am. Compl. ¶¶ 4-5.  However, in opposing the motions to dismiss, Plaintiff abandoned the theory of personal jurisdiction under § 302(a)(2), and advanced a theory of personal jurisdiction only under § 302(a)(3)(ii), which "allows for jurisdiction over an out-of-state defendant with no contacts with New York, if, *inter alia*, the defendant is alleged to have committed a tortious act outside the State that caused, and reasonably should have been expected by the putative defendant to cause, injury to a person or property within the State." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 32 (2d Cir. 2010) ("*Penguin I*"), *certified question accepted*, 15 N.Y.3d 744 (2010) ("*Penguin II*"), *and certified question answered*, 16 N.Y.3d 295 (2011) ("*Penguin III*").

The Court must determine first whether Defendants committed an act "causing injury to person or property within the state" of New York.  CPLR § 302(a)(3).  "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'"

5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990); *See also*, *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) ("[T]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.").

The pleadings and affidavits, taken together and viewed in the light most favorable to Plaintiff, do not establish that the situs of the injury is New York. Plaintiff asserts, for example, that "it cannot be disputed that N&K's tortious act caused injury to Plaintiff in New York. While N&K attempts to dispute this point, the cases relied upon by N&K are inapposite." Opp'n to N&K Mot. to Dismiss at 11. Plaintiff not only fails to articulate how N&K's alleged tortious act caused injury to Plaintiff in New York, but also fails to specify what "tortious act" she is referring to. Indeed, each of the original events that gave rise to Plaintiff's alleged injuries occurred in California: (1) Defendants sent the debt collection letter from their California office to the California Address; (2) Defendants filed the California Lawsuit in California; (3) Defendants produced and filed the allegedly false affidavits and affirmations in California; (4) Defendants made the allegedly fraudulent representation that Plaintiff was served at the California Address in California. None of the events took place in New York. The only connection to New York in this action is Plaintiff's residence in New York.

Rather than articulate how New York is the situs of injury, Plaintiff asks the Court to expand its situs of injury analysis based on *Penguin Grp. (USA) Inc. v. Am. Buddha*, which she describes as "both analogous and persuasive." *See*, Opp'n to N&K Mot. to Dismiss at 14. In

*Penguin I*, the U.S. Court of Appeals for the Second Circuit certified a question to the New York State Court of Appeals, which was narrowed and reformulated as follows:

> "In copyright infringement cases involving the uploading of a copyrighted printed literary work onto the Internet, is the situs of injury for purposes of determining long-arm jurisdiction under N.Y. C.P.L.R. § 302 (a) (3) (ii) the location of the infringing action or the residence or location of the principal place of business of the copyright holder?"

*Penguin III*, 16 N.Y.3d at 301-302.

The *Penguin* cases involve circumstances far removed from those at bar and are inapposite. As an initial matter, the New York State Court of Appeals made clear that "the role of the Internet in cases alleging the uploading of copyrighted books distinguishes them from traditional commercial tort cases where courts have generally linked the injury to the place where sales or customers are lost." *Penguin III*, 16 N.Y.3d at 306. The court noted that, "The injury in the case before us is more difficult to identify and quantify because the alleged infringement involves the Internet, which by its nature is intangible and ubiquitous." *Id.* at 304. Moreover, the court emphasized the "diverse ownership rights enjoyed by copyright holders situated in New York," holding that the injury caused by "the instantaneous availability of those copyrighted works . . . for anyone, in New York or elsewhere, with an Internet connection to read and download the books free of charge" was "dispersed throughout the country and perhaps the world." *Id.* at 304-05, 307.

Plaintiff contends that *Penguin III*'s situs-of-injury analysis applies to the FDCPA "insofar as § 1692i attempts to balance the economic disparity between for-profit debt collectors and consumers by mandating that a debt collector bring any collection action against a consumer in the jurisdiction in which the consumer resides." *See*, Opp'n to N&K Mot. to Dismiss at 14. But *Penguin III*'s holding is specific to copyright in the context of dissemination by the Internet. Plaintiff does not explain how the role of the Internet or the diverse ownership rights enjoyed by copyright holders are implicated here. Indeed, "New York has strictly construed CPLR

7

§ 302(a)(3), refusing to exercise personal jurisdiction based solely on a plaintiff's residence or domicile within New York." *Twine v. Levy*, 746 F. Supp. 1202, 1206 (E.D.N.Y. 1990) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 274 (1981)).

In contrast to the *Penguin III* facts and analysis, cases that have addressed the operation of the FDCPA and are more analogous to the case at bar do not support Plaintiff's contentions.  For example, in *Fisher v. O'Brien*, 2010 WL 1269793 (E.D.N.Y. Mar. 9, 2010), report and recommendation adopted, 2010 WL 1286365 (E.D.N.Y. Mar. 30, 2010), defendants filed liens in Ohio on plaintiff's horses.  2010 WL 1269793 at *6-*7.  Plaintiff, a resident of New York, brought an action in this district alleging, *inter alia*, that the liens violated § 1692g of the FDCPA.  *Id.*  The Court dismissed the action for lack of personal jurisdiction, finding that, under CPLR § 302(a)(3), the situs of injury was Ohio not New York.  2010 WL 1269793, at *7; *See also*, *Mirman v. Feiner*, 900 F. Supp.2d 305, 319 (E.D.N.Y. 2012) (where theory of injury was based on commencement of lawsuit in Florida against New York resident, situs of injury was Florida, and not New York).

Similarly, in *Twine v. Levy*, plaintiff, a New York resident, brought a malpractice action in this district on the basis of defendant's alleged misrepresentation of him during a sentencing hearing in the U.S. District Court for the Western District of Washington.  746 F. Supp. at 1203. The court found no basis for jurisdiction under N.Y. CPLR § 302(a)(3), concluding that the events that caused plaintiff's injuries occurred in Washington and that, "while plaintiff may have suffered damages in New York, his injury did not occur in New York."  *Twine*, 746 F. Supp. at 1206-07.

As each of the events that caused Plaintiff's alleged injuries occurred in California, the Court finds that the situs of injury is California, and not New York.  Accordingly, Plaintiff has failed to establish personal jurisdiction over Defendants under CPLR § 302(a)(3).  *See*, *Fisher*, 2010 WL 1269793, at *7.

8

**CONCLUSION**

For the reasons set forth above, the motions to dismiss for lack of jurisdiction are granted, and this action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
        September 28, 2020

                                        /s/
                                    DORA L. IRIZARRY
                                    United States District Judge