UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREA BONILLA, *individually and on behalf of* :
*all others similarly situated*,                                :
                                                                :
                      Plaintiff,             :
                                                                :
        -against-                                :
                                                                :        **SUMMARY ORDER**
NELSON & KENNARD, ROBERT SCOTT          :        19-cv-05067 (DLI) (RER)
KENNARD, JOSEPH HELFRICK,                       :
ABC LEGAL SERVICES, LLC and                     :
NANCY KEYLER,                                              :
                                                                :
                      Defendants.      :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 12, 2020, Plaintiff Andrea Bonilla ("Plaintiff") filed a motion for reconsideration of the October 29, 2020 judgment that dismissed this case in its entirety. *See*, *generally*, Pls.' Notice of Mot. for Reconsideration, Dkt. Entry No. 31; Mem. of Law in Supp. of Pl.'s Mot. for Reconsideration ("Pl.'s Mem."), Dkt. Entry No. 31-1. For the reasons set forth below, the Motion for Reconsideration is denied. Accordingly, this case remains closed.

### BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and, as such, the background here is limited to the facts necessary to resolve the instant motion. On January 2, 2020, Defendants Nelson & Kennard ("N&K"), Robert Scott Kennard ("Kennard"), Joseph Helfrick ("Helfrick"), ABC Legal Services, LLC ("ABC"), and Nancy Keyler ("Keyler") (collectively, "Defendants") each moved to dismiss Plaintiff's Fair Debt Collection Practices Act ("FDCPA") action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See*, N&K Mot. to Dismiss, Dkt. Entry No. 13; Kennard Mot. to Dismiss, Dkt. Entry

No. 20; ABC Mot. to Dismiss, Dkt. Entry No. 23.  Plaintiff opposed each motion, arguing that this Court may exercise jurisdiction over Defendants under N.Y. CPLR § 302(a)(3)(ii).  *See*, Opp'n to N&K Mot. to Dismiss, Dkt. Entry No. 16; Opp'n to Kennard Mot. to Dismiss, Dkt. Entry No. 24; Opp'n to ABC Mot. to Dismiss, Dkt. Entry No. 26.

On September 28, 2020, the motions to dismiss for lack of personal jurisdiction were granted based on Plaintiff's failure to establish personal jurisdiction over Defendants under N.Y. CPLR § 302(a)(3).  *See*, *generally*, Memorandum & Order, Dkt. Entry No. 29.  Accordingly, the Clerk of Court entered a judgment dismissing the case in its entirety.  *See*, Clerk's Judgment dated September 29, 2020, Dkt. Entry No. 30.  On October 12, 2020, Plaintiff filed a motion for reconsideration.  *See*, Pls.' Notice of Mot. for Reconsideration; Pl.'s Mem.  Defendants opposed the motion.  *See*, Mem. of Law in Opp'n to Pl.'s Mot. for Reconsideration ("Defs.' Opp'n"), Dkt. Entry No. 32.  Plaintiff replied.  *See*, Pl.'s Reply Mem. ("Pl.'s Reply"), Dkt. Entry No. 33.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted).  Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiff argues that the Court erred by "overlook[ing] or otherwise fail[ing] to apprehend that a dismissal on jurisdictional grounds would—in this case—actually operate as a dismissal with prejudice, insofar as the statute of limitations has expired on Plaintiff's claims . . . ." Pl.'s Mem. at 6.  Plaintiff further argues that the Court should transfer this case to the Central District of California in lieu of dismissal.  *Id*. at 8.  The Court finds these arguments meritless.

As an initial matter, nothing, certainly not this Court, prevented Plaintiff from brining an action in the Central District of California within the statute of limitations.  Since the commencement of this action on September 5, 2019, Plaintiff had ample opportunities to bring her FDCPA claim in the proper jurisdiction, especially when she decided to file an amended complaint on December 19, 2019.  *See*, Amended Complaint, Dkt. Entry 10.  Plaintiff's argument that the Court's decision to grant the motions to dismiss effectively resulted in dismissal of Plaintiff's action with prejudice is immaterial to the instant motion.

Furthermore, Plaintiff presents no change in controlling law or the availability of new evidence.  Rather, Plaintiff's motion is based on her belated argument that the case should be transferred to another district in lieu of dismissal.  This is the first time Plaintiff raised this argument.  Plaintiff never requested that the Court transfer the case to another district, not even in its opposition to Defendants' motions to dismiss.  "It is well established that a motion for reconsideration is not an opportunity to relitigate issues or advance new arguments." *Rock v. Enfants Riches Deprimes, LLC.*, 2020 WL 2793026, at *2 (S.D.N.Y. May 29, 2020) (citing *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp.2d 17, 19 (S.D.N.Y. 2005)).  Therefore, Plaintiff's motion for reconsideration is denied.

3

## **CONCLUSION**

As Plaintiff has failed to demonstrate an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice, the motion for reconsideration is denied.  Accordingly, this case remains closed.


SO ORDERED.

Dated: Brooklyn, New York
　　　June 11, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge